**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

DAVID KLUCKA,

           Plaintiff,

vs.

S. OSTROVSKY, *et al.*,

           Defendants.

Case No. 2:15–cv–1062–JCM–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

APPLICATION TO PROCEED INFORMA PAUPERIS (#1)

      Before the court is David Klucka's Application to Proceed *In Forma Pauperis* (#1[1]), Complaint (#3-1), and Motion for Service (#4). For the reasons stated below, Klucka's Application to Proceed *In Forma Pauperis* is granted, his Complaint should be dismissed with leave to amend, and his Motion for Service is denied as moot.

**I.**     ***In Forma Pauperis* Applications**

      Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information

---

[1] Parenthetical citations refer to the court's docket.

1

submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Klucka's application to proceed *in forma pauperis* states that he is unemployed, has no source of income, and no money in a bank account. Accordingly, Klucka's application to proceed *in forma pauperis* is granted.

**II.    Section 1915(e) Screening**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). The court's review is guided by two Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

If a court dismisses a complaint under § 1915(e) for failing to comply with Rule 8's requirements, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Klucka's complaint should be dismissed with leave to amend because its allegations are conclusory and implausible. He alleges that he was "kidnapped" by the Las Vegas Metropolitan Police Department "under the pretenses of being arrested." (Doc. #3-1 at 3). He contends that he was falsely arrested on charges of battery by strangulation and abuse of an elder, "actions [he] might have taken . . . in self-defense" and that police officers conspired with the alleged victim of the battery, who allegedly told the police officers "lies" to induce the officers to arrest Klucka. (*Id.* at 4). The complaint also states "no wrong were done nor were any crimes committed against me." (*Id.* at 10).

On account of these allegations, Klucka claims that his Seventh Amendment right was violated because he "lost a whole lot more then [*sic*] $20.00" since being incarcerated. (*Id.* at 12); *see* U.S. CONST. amend VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ."). Klucka also alleges that his Fourteenth Amendment right to equal protection was violated. (*Id.* at 10). The complaint seeks pay in the amount of "$40.00 per hour [which] is less than my union scale." (*Id.* at 8, 15).

3

These allegations do not state a claim for relief under section 1983. Klucka is directed to amend his complaint and provide the court with additional facts in support of his claims. *See Cato*, 70 F.3d at 1106. In order to state a claim for relief under section 1983, Klucka must provide facts that show (1) defendants acted under color of state law and (2) deprived Klucka of rights secured by the Constitution or federal laws. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Finally, because the court recommends dismissing Klucka's complaint with leave to amend, it denies his motion for service as moot.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court filed the complaint (#3-1).

IT IS FURTHER ORDERED that plaintiff's Motion for Service (#4) is DENIED as moot.

IT IS RECOMMENDED that plaintiffs' Complaint (#3-1) BE DISMISSED without prejudice.

IT IS FURTHER RECOMMENDED that if the court adopts this report and recommendation that a deadline be set for Klucka to file an amended complaint.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the

objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 17th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE