UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID KLUCKA,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>S. OSTROVSKY, et al.,<br><br>　　　　　　Defendant(s). | Case No. 2:15-CV-1062 JCM (VCF)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 19). *Pro se* prisoner plaintiff David Klucka filed objections to the report and recommendation. (Doc. # 20). The defendants did not file a response.[1]

**I.    Background**

Plaintiff initiated this matter by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 6). The court thereafter dismissed the complaint without prejudice because the allegations therein were conclusory and implausible. (Doc. ## 5 and 7). The court granted plaintiff leave to amend, set a deadline for plaintiff's amended complaint, and advised plaintiff that failure to file an amended complaint by the deadline would result in dismissal of the case *with prejudice*. (Doc. # 7). The deadline was extended twice on plaintiff's motions. (*See* doc. ## 14, 16). In the court's order granting his second extension, the court advised plaintiff that "*no* further extensions will be granted." (Doc. # 16).

---

[1] Plaintiff, proceeding *in forma pauperis*, has not filed a complaint suitable for screening pursuant to 28 U.S.C. § 1915(a)(1). The defendants have therefore not been served and do not have notice of this lawsuit.

**James C. Mahan**
**U.S. District Judge**

Plaintiff failed to meet the extended deadline. Instead, he filed a motion for leave to file a longer than normal complaint. (Doc. # 18).[2] He attached an eighty-five page complaint to the motion. (*See* doc. # 18-1). Judge Ferenbach then denied the motion for leave and recommended that this court dismiss the action with prejudice based on plaintiff's failure to file a valid amended complaint by the extended deadline.

## II.     Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. LR IB 3-2(a). Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen days after service of the motion. LR 7-2.

## III.    Discussion

Plaintiff argues that his case should not be dismissed given that he included a copy of his eighty-five page complaint with the motion to file a longer than normal complaint. (*See* doc. # 20).[3] This is not relevant, however, because Judge Ferenbach denied the motion for leave to file a

---

[2] Pursuant to LSR 2-1, *pro se* plaintiffs bringing claims under 42 U.S.C. § 1983 must use the standard form provided by the Court. The standard form includes instructions, which the plaintiff must follow. *See Matthews v. Ambridge,* No. 2:12-CV-01004-PMP, 2012 WL 6589264, at *1 (D. Nev. Dec. 17, 2012). Plaintiffs are instructed that if they need more space than the form gives them, they may add pages, but if they attach more than two additional pages of allegations for any particular claim, they must file a motion for leave to file a longer than normal complaint. *See Matthews v. Ambridge,* No. 2:12-CV-01004-PMP, 2012 WL 6589264, at *1 (D. Nev. Dec. 17, 2012).

[3] Plaintiff also appears to ask the court to reconsider Judge Ferenbach's orders on his motion for leave to file a longer than normal complaint and his motion for service. (Doc. ## 17, 18). Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CRIM. P. 72(a); D. NEV. R. 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). Mr. Klucka has not advanced any argument as to why those orders were clearly erroneous or contrary to law. His requests for reconsideration of those motions are therefore denied.

**James C. Mahan**
**U.S. District Judge**

- 2 -

longer than normal complaint. (*See* doc. # 19). Accordingly, there was no complaint compliant with LSR 2-1 for the court to screen, and plaintiff failed to meet the deadline imposed by the court's order granting his extension. (*See* doc. # 16); *supra* n. 2.

Plaintiff has now submitted an amended complaint compliant with LSR 2-1 and the instructions that accompany the court's approved form for indigent § 1983 claims. (Doc. # 22); *supra* n. 2. That complaint was filed *after* the deadline, however. The court advised plaintiff that failure to file the complaint by the deadline would result in dismissal with prejudice and that no further extensions would be granted. (Doc. # 7, 16). The court will not now *nunc pro tunc* extend that deadline to give plaintiff time to file a meritless motion for leave to file a longer than normal complaint.

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine*, 460 F.3d at 1226 (internal citations and quotations omitted).

The court finds that the public's interest, the court's need to manage its docket, and the risk of prejudice to defendants weigh in favor of dismissal. The availability of less drastic sanctions prong is satisfied by the court's warning (doc. # 7) that failure to comply with its order would result in dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991). These four factors outweigh the public policy favoring disposition on the merits.

The court will therefore adopt Judge Ferenbach's recommendation to dismiss the case. However, in light of the public policy favoring disposition on the merits and because plaintiff appears to have made a good faith attempt to file an amended complaint before the deadline, the court will dismiss the case *without* prejudice.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach (doc. # 19) be, and the same hereby are, ADOPTED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1       IT IS FURTHER ORDERED that plaintiff David Klucka's amended complaint (doc. # 21) be, and the same hereby is, DISMISSED without prejudice.

      IT IS FURTHER ORDERED that plaintiff David Klucka's motion for extension of proof of service date (doc. # 22) be, and the same hereby is, DENIED as moot.

      The clerk shall enter judgment accordingly and close the case.

      DATED April 29, 2016.

                              /s/ James C. Mahan
                              UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -